IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELINDA L. CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:15-cv-00380 |
| | § | |
| CENTENE CORPORATION d/b/a | § | |
| CENTENE COMPANY OF TEXAS, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Court:

Plaintiff Belinda L. Cruz files this Original Complaint against Defendant Centene Corporation d/b/a Centene Company of Texas, and shows as follows:

### PARTIES

1. The plaintiff is Belinda L. Cruz. She is an individual and resident of Nueces County, Texas.

2. The defendant is Centene Corporation d/b/a Centene Company of Texas. It is a business entity existing in the state of Texas. It maintains an office and does business in Corpus Christi, Nueces County, Texas. It may be served with process by serving its registered agent for service, C.T. Corporation System, 1999 Bryan Street, Suite 900,

Dallas, Texas 75201.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## VENUE

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The plaintiff is female. She was employed by the defendant for about 2 1/2 years in Corpus Christi, Texas. The defendant represents itself as providing health plans through Medicaid, Medicare and the Health Insurance Marketplace and other Health Solutions through specialty services companies.

6. The plaintiff began her employment with the defendant in April 2012. She was hired to be a Program Coordinator in the defendant's Star Plus department. She was responsible for, in part, incoming mail, faxes received, and handling members' files. In April 2013, the plaintiff became a Program Coordinator for the defendant in its ABD department. Her responsibilities in this role included auditing the intake department. In October 2013, the plaintiff became the Reconciliation Coordinator for the defendant. In this position, the plaintiff was responsible for addressing claims that had been rejected by

Medicaid and performing research. In April 2014, the plaintiff was promoted to Service Coordinator in the Star Plus department, where she handled incoming phone calls and customer service.

7. During the entire time she was the Service Coordinator for the defendant, her immediate supervisor was Pedro Benavides. His job title was Supervisor of Service Coordination. He had supervisory authority over the plaintiff, including the power to hire and fire. He was also instrumental in getting the plaintiff promoted to the position of Service Coordinator.

8. Beginning in April 2014, Pedro Benavides began a campaign of sexual harassment toward the plaintiff. It began when he gave the plaintiff his personal cell phone number and requested that she communicate with him through the personal phone, from her personal cell phone. After that, Pedro Benavides began sending the plaintiff non-work-related text messages. He also sent non-work-related messages to the plaintiff via the defendant's instant messaging system. During the beginning of this conduct, Pedro Benavides was grooming the plaintiff to respond to his sexual interests. The substance of the communications was mostly small talk, but of a personal nature.

9. By June and July 2014, Pedro Benavides increased his messaging pressure on the plaintiff. For example, in July 2014, Pedro Benavides sent a picture to the plaintiff by text message of his hotel room door. He then began sending messages to the plaintiff,

3

that evening, that were of a sexual nature. For example, he sent images to the plaintiff of his genitals and requested that the plaintiff do the same. The plaintiff, married but also needing her job, reluctantly acquiesced. This conduct then went on until October or November 2014.

10. The plaintiff could not complain about this conduct to her supervisor because Pedro Benavides was her supervisor. Further, during this time, the defendant had no human resources department on site, despite having more than about 200 employees on site. She had no personal or professional relationship with any employee of the defendant who had a higher level position than Pedro Benavides.

11. Further, whenever the plaintiff would attempt to stop the inappropriate conduct, Pedro Benavides would quickly and firmly retaliate. For example, when the plaintiff insisted that the conduct stop, Pedro Benavides would threaten the plaintiff with disciplinary action for minor infractions, notify the plaintiff's co-workers of such minor infractions to embarrass her, and would take screen shots from his computer of the time that the plaintiff logged into her computer each day when she was late and then e-mail it to the defendant's management to embarrass her. Based on information and belief, many employees under Pedro Benavides's supervision would log in late regularly, but Pedro Benavides would not treat them similarly by e-mailing screen shots of their log-in times to management and threatening petty discipline. Also, based on information and belief,

Pedro Benavides had been or was involved in more than one other inappropriate relationship with female employees of the defendant, of which the defendant knew about or should have known about. Therefore, the plaintiff had the concern that the defendant knew about the conduct, but either tolerated it or ignored it.

12. This kind of conduct by Pedro Benavides cemented the plaintiff's belief that she could not stop the conduct or report the conduct because of concern that she would lose her job. She was also suffering from anxiety and sleeplessness because of the conduct.

13. Therefore, to maintain her employment status with the defendant, the plaintiff involuntarily accepted the sexual harassment and continued to acquiesce. It was consensual by coercion. However, the relationship was never more than inappropriate text messages; it was never physical.

14. However, in November 2014, the plaintiff's husband discovered some of the text messages exchanged between the plaintiff and Pedro Benavides. He put an immediate stop to it. He contacted Pedro Benavides directly and told him to never contact the plaintiff again.

15. Pedro Benavides, who was also married, was quite concerned about being contacted by the plaintiff's husband and, therefore, made the decision to report his conduct to the defendant in November 2014, but placed the blame for the conduct squarely on the shoulders of the plaintiff. After an investigation started, the plaintiff also

5

reported the conduct to the defendant as part of her participation in the investigation and requested that the conduct stop.

16. However, instead of stopping the conduct and protecting the plaintiff, the plaintiff was discharged from her employment by the defendant on or about December 1, 2014, because of the pervasive sexual harassment by Pedro Benavides and/or in retaliation for having complained directly to her immediate supervisor that the sexual harassment needed to stop and/or to the defendant.

### CAUSES OF ACTION

**Count 1–Gender Discrimination and Sexual Harassment**

17. The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-16, *supra*.

18. The plaintiff is in a protected class of persons because she is female.

19. The defendant discriminated against the plaintiff because of her gender (female) in sexually harassing her, creating a hostile work environment, and treating her disparately from her male counterparts. The plaintiff alleges that it was her gender (female) that was a motivating factor in causing the hostile work environment and in constructively terminating her employment.

20. The plaintiff alleges that the discrimination and harassment were knowingly done and/or intentionally done and/or recklessly by the defendant.

21. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

**Count 2–Retaliation**

22. The plaintiff incorporates within Count 2 all of the allegations set forth in paragraphs 1-21, *supra*.

23. The plaintiff made a complaint to the defendant, complaining about sexual harassment and related hostile work environment.

24. In response to her protected conduct, the defendant retaliated against the plaintiff by making working conditions even worse and ultimately constructively and/or actually discharging her from her employment.

25. The plaintiff alleges the retaliation was knowingly done and/or intentionally done and/or recklessly by the defendant.

26. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic damages from the defendant, damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. As

provided by law, the plaintiff also seeks recovery of her attorney's fees.

## **PRAYER**

27. For these reasons, Plaintiff Belinda L. Cruz respectfully requests that Defendant Centene Corporation d/b/a Centene Company of Texas be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
www.brooksllp.com

**Attorneys for Plaintiff Belinda M. Cruz**