IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELINDA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 15-CV-00380 |
| | § | |
| CENTENE CORPORATION d/b/a | § | |
| COMPANY OF TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

## **DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW Defendant Centene Corporation, and states as follows:

## **PARTIES**

1. Admit.

2. Defendant admits that Plaintiff has named Centene Corporation as Defendant. Defendant denies that Centene Company of Texas is a D/B/A for Centene Corporation (they are separate legal entities). Defendant denies that Centene Corporation employed Plaintiff.[1] Plaintiff was employed by Centene Company of Texas. Centene Company of Texas has not been properly served with this lawsuit. However, Defendant will assume Plaintiff intended to name Centene Company of Texas (Plaintiff's actual employer) as Defendant and all answers below are made on behalf of Centene Company of Texas.[2]

---

[1] The Western District of Texas, Austin Division, has already ruled as a matter of law that employees of Centene Company of Texas are not employees of Centene Corporation.
[2] If Centene Corporation were answering this Complaint, all answers would be either "deny" or "deny due to lack of knowledge" because Centene Corporation is not Plaintiff's employer. Because that Answer would be wholly useless in this litigation and a waste of this Court's time, Defendant is answering on behalf of Centene Company of Texas, the true employer. For the avoidance of doubt, Centene Corporation's answers to Plaintiff's allegations would be to deny that Centene Corporation ever employed Plaintiff and to state that Centene Corporation has no knowledge of and therefore denies the remaining allegations.

## JURISDICTION

3. Admit.

## VENUE

4. Admit.

## FACTS

5. Admit.[3]

6. Admit.

7. Admit.

8. Defendant denies that, beginning in April 2014, Pedro Benavides began a campaign of sexual harassment toward the plaintiff. Defendant denies that Mr. Benavides gave Plaintiff his cell phone number. Defendant admits that, after Plaintiff sent Mr. Benavides non-work-related text messages (including sending him pictures of herself in varying stages of undress), he responded with non-work-related text messages. Defendant admits that Plaintiff and Mr. Benavides exchanged non-work-related messages to the plaintiff via the defendant's instant messaging system. Defendant denies that "during the beginning of this conduct, Pedro Benavides was grooming the plaintiff to respond to his sexual interests." Defendant admits that "the substance of the communications was mostly small talk, but of a personal nature."

9. Defendant admits that Plaintiff sent Mr. Benavides pictures of herself where she was not fully clothed. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore such allegations are denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

10. Deny.

---

[3] Again, all admissions are admitting as to Centene Company of Texas, but denying as to Centene Corporation.

11. Deny.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore such allegations are denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

13. Defendant admits the conduct of Plaintiff was consensual as alleged. Defendant admits there was no physical contact between Mr. Benavides and Plaintiff as alleged. Defendant denies the remaining allegations of this paragraph.

14. Admit.

15. Defendant admits that the person who reported Plaintiff's conduct to human resources was Mr. Benavides, not Plaintiff. Defendant admits that, in the course of the investigation, Plaintiff admitted to engaging in the inappropriate behavior alleged by Mr. Benavides in his complaint. Defendant denies the remaining allegations of this paragraph.

16. Defendant admits that Plaintiff was terminated for her inappropriate behavior. Defendant denies the remaining allegations of this paragraph.

## CAUSES OF ACTION

17. Defendant incorporates its admissions and denials above.

18. Admit.

19. Deny.

20. Deny.

21. Deny.

22. Defendant incorporates its admissions and denials above.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court: Dismiss Plaintiff's Complaint in its entirety, Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint; and Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,


BY:     /s/ Michael J. Golden
         Michael J. Golden
         State Bar No. 24032234
         Federal ID 565265

         BOULETTE GOLDEN & MARIN LLP
         2801 Via Fortuna, Suite 530
         Austin, TX 78746
         512.732.8902
         512.732.8905 (facsimile)
         mike@boulettegolden.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served on the following via the Court's ECF system on this 19th day of October 2015:

Jon D. Brooks
BROOKS LLP
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (Facsimile)


        */s/ Michael J. Golden*
         Michael J. Golden
         Counsel for Defendant